UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ismahan M.,                                                Civ. No. 26-42 (PAM/DTS)

            Petitioner,

v.                                                          **MEMORANDUM AND ORDER**

Pamela Bondi, Kristi Noem, Todd M.
Lyons, Peter Berg, U.S. Immigration and
Customs Enforcement, U.S. Department of
Homeland Security, Executive Office for
Immigration Review, Sirce Owen, and Joel
Brott,

            Respondents.

_____

This matter is before the Court on Petitioner Ismahan M.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Ismahan M. is a citizen of Somalia. (Id. ¶ 12; Decl. of Seth Patrin ("Patrin Decl.") (Docket No. 6) ¶ 4.) In December 2022, she entered the United States without inspection near Calexico, California. (Patrin Decl. ¶ 4; id. Ex. A at 1.) On December 24, 2022, United States Border Patrol served her a Form I-862 Notice to Appear. (Id. ¶ 5; id. Ex. B at 1.) At that time, she was also issued a Warrant of Arrest and a Notice of Custody Designation and was released on an Order of Recognizance. (Id. ¶ 6.) On April 27, 2023, Petitioner applied for asylum, and the application is pending. (Id. ¶ 7.)

On December 31, 2025, officers from Immigration and Customs Enforcement ("ICE")'s Enforcement and Removal Operations arrested Petitioner. (Id. ¶ 8.) She remains in ICE custody. (Pet. ¶ 34; Patrin Decl. ¶ 9.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order her immediate release or grant her an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that her detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

Relevant here, the Immigration and Nationality Act ("INA") creates a framework that controls the regulation of aliens, including their civil detention pending removal. Before 1996, the INA focused on the alien's physical entry into the country. In 1996, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which amended the INA's framework to center on whether an alien has been lawfully admitted. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 223 (BIA 2025). Thus, under the new framework, "applicants for admission" defines both aliens at the border and any alien "present in the United States" without lawful authorization. See 8 U.S.C. § 1225(a). "Now, in removal proceedings, the relevant distinction for procedural purposes is whether the immigrant has been lawfully admitted, regardless of actual physical presence." Torres v. Barr, 976 F.3d 918, 928 (9th Cir. 2020). Put differently, the IIRIRA undid the backwards requirement that aliens who presented at a port of entry had to be

detained, while those who entered illegally without trying to prove their basis for admission to the country were not detained.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that she did not lawfully enter the United States, i.e., an immigration officer did not inspect her and authorize her entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have

3

concluded." <u>Mejia Olalde v. Noem</u>, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner argues that § 1225(b)(2)(A) applies only to aliens "seeking admission." Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. <u>See, e.g.</u>, <u>Lopez v. Ladwig</u>, No. 6:25-CV-01884, 2026 WL 19095, (W.D. La. Jan. 2, 2026); <u>Melgar v. Bondi</u>, No. 8:25CV555, 2025 WL 3496721, (D. Neb. Dec. 5, 2025); <u>Chen v. Almodovar</u>, No. 1:25-CV-8350-MKV, 2025 WL 3484855, (S.D.N.Y. Dec. 4, 2025); <u>Mejia Olalde</u>, 2025 WL 3131942; <u>Chavez v. Noem</u>, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228, (S.D. Cal. Sept. 24, 2025). The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission." Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law." <u>Matter of Lemus-Losa</u>, 25 I & N. Dec. 734, 743 n.6 (BIA 2012). Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention. Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Petitioner's attempt to distinguish an "applicant for admission" from an alien "seeking admission" lacks merit. <u>See</u> <u>Vargas Lopez v. Trump</u>, No. 8:25CV526, 2025 WL 2780351, at *9 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). As a practical matter, the act of evading removal from the United States, rather than voluntarily deporting, is an affirmative act that the alien is "seeking admission." <u>See</u> <u>Chen</u>, 2025 WL 3484855, at *6 ("If actively 'seeking

4

admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum <u>is</u> 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil.")  Indeed, were an applicant not seeking admission when confronted by an immigration officer, then he or she would voluntarily self-deport.

Petitioner argues that she is not an applicant for admission, but she fails to provide evidence that she has been lawfully admitted to the United States.  "Admission" means lawful entry into the United States, not merely any presence here.  8 U.S.C. § 1101(a)(13)A).  The statute's plain meaning prevails: Petitioner is an "applicant for admission" because she is present in this country and has not been admitted.

To the extent that Petitioner argues that because her Order of Release indicated that DHS's authority was derived from § 1226, she cannot now be detained under § 1225, the argument is without merit.  The statute contains no such restriction.  Section 1226(a) authorizes the Attorney General to arrest or detain any alien pending removal proceedings but provides that the Attorney General also "may release the alien" on bond or conditional parole.  Nowhere does § 1226 mandate that an alien released under § 1226 must be re-arrested pursuant to § 1226.  Rather, "[s]ection 1226 provides that if the government exercises discretion to release an alien, pursuant to § 1226(a), the government 'at any time <u>may</u>' decide to 'rearrest the alien under the original warrant.'"  <u>Chen</u>, 2025 WL 3484855, at *8.  Moreover, Petitioner concedes that she was not arrested "on a warrant issued by the Attorney General."  Petitioner's argument fails.

Petitioner implies that Respondents' previous interpretation of the INA is the better course for the Court to follow.  But past practice does not eclipse statutory language.  In July 2025, DHS issued a memorandum requiring that all "applicants for admission" be detained under § 1225(b)(2) during removal proceedings, a position that the Board of Immigration Appeals later adopted in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  See Memorandum from Rodney S. Scott, U.S. Customs & Border Protection, Detention of Applicants for Admission (July 10, 2025).  However, Petitioner provides no authority or history to support her argument that the agency's previous pattern was superior, and "[i]f there was a documented prior rationale, the Court has not seen it." Rojas v. Olson, No. 25-CV-1437-BHL, 2025 WL 3033967, at *9 (E.D. Wis. Oct. 30, 2025).  Moreover, "it is well established that the Executive Branch has broad discretion to make enforcement decisions in 'the immigration context.'" Chen, 2025 WL 3484855, at *7 (quoting United States v. Texas, 599 U.S. 670, 679 (2023)).

Both Petitioner and Respondents contend that Jennings supports their respective view, but Respondents have the better argument.  The Court determines that Jennings cannot be read so broadly as to mean that aliens who have been in the country for years must necessarily fall under § 1226(a).  See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).  Jennings explains that § 1225(b)(2) is a "catchall provision," applying to all "applicants for admission," including those who unlawfully entered the country and are therefore "deemed" applicants for admission under § 1225(a)(1)'s definition.  Id. at 287.  As established, Petitioner is an applicant for admission.  Neither Petitioner nor Respondents argue that she qualifies for expedited removal under § 1225(b)(1).  "So if the

Supreme Court's reference to 'all applicants … not covered by § 1225(b)(1)' in fact means what it says, then [Petitioner] necessarily falls under the 'catchall provision.'" <u>Coronado v. Sec'y, Dep't of Homeland Sec.</u>, No. 1:25-CV-831, 2025 WL 3628229, at *9 (S.D. Ohio Dec. 15, 2025) (quoting <u>Jennings</u>, 583 U.S. at 287).  Indeed, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded." <u>Mejia Olalde</u>, 2025 WL 3131942, at *2 (quoting <u>Jennings</u>, 583 U.S. at 297).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The Petition (Docket No. 1) is **DENIED**; and

2.    This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 16, 2026</u>                                    *s/ Paul A. Magnuson*
                                                       Paul A. Magnuson
                                                       United States District Court Judge